NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JACQUELINE BROWN,**

*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**

*Respondent*

---

2020-1702

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-19-0481-W-1.

---

Decided:  February 12, 2021

---

JACQUELINE BROWN, Cibolo, TX, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by DEBORAH ANN BYNUM, JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge*, SCHALL and REYNA, *Circuit Judges*.

PER CURIAM.

DECISION

In this appeal, Jacqueline Brown petitions for review of the final decision of the Merit Systems Protection Board ("Board") in *Jacqueline Brown v. Department of the Air Force*, No. SF-1221-19-0481-W-1 (M.S.P.B. Mar. 24, 2020). Resp't's App. ("App.") 1. In that decision, the Board denied Ms. Brown's request for corrective action in her June 7, 2019 individual right of action ("IRA") appeal. In her IRA appeal, Ms. Brown challenged the February 19, 2019 action of the Air Force removing her from her probationary position. The Board denied Ms. Brown's request for corrective action because it concluded that she had failed to make any protected whistleblower disclosures or engage in any protected actions sufficient to establish an IRA. *Id.* at 23. For the reasons set forth below, we *affirm* the Board's decision.

DISCUSSION

I.

On April 2, 2018, the Air Force hired Ms. Brown as a Supply Technician GS-2005-05 ST with the 9th Physiological Support Squadron ("9PSPTS") at Beale Air Force Base in Yuba, California. App. 4. In her position, Ms. Brown was required to perform tasks related to the receipt, storage, issue, and replenishment of supplies for 9PSPTS. *Id.*

Ms. Brown's appointment was subject to a two-year probationary period. *Id.* By regulation, "[t]he agency shall utilize the probationary period as fully as possible to determine the fitness of the employee." 5 C.F.R. § 315.803(a). The regulation further provides that the agency "shall terminate [the employee's] services during [the probationary] period if the employee fails to demonstrate fully [her] qualifications for continued employment." *Id.*

On February 14, 2019, Ms. Brown received a notice of termination from her supervisor, Kirsten Shapiro. The

notice informed Ms. Brown that Ms. Shapiro proposed to terminate her appointment effective February 19, 2019. *Id.* at 5. The notice stated that Ms. Brown had failed "to perform a portion of Duty 3" for five days in January 2019, and that two of her coworkers, Staff Sergeants Aaron Espinoza and Ariel Schlenther, had submitted complaints expressing frustrations with Ms. Brown's lack of civility in the workplace and her refusal to perform certain work, because she claimed it was not her responsibility. *Id.*

On February 15, 2019, Ms. Brown met with Lieutenant Colonel Steven Dawson, the Commander of 9PSPTS. *Id.* at 6. Ms. Brown told Lieutenant Colonel Dawson that she hadn't followed instructions from her supervisors because she was following Air Force Instruction ("AFI") 23-101 and other Materiel Management ("MM") regulations. *Id.* Following this meeting, Lieutenant Colonel Dawson concurred with Ms. Shapiro's decision to terminate Ms. Brown's employment within her probationary period. *Id.* at 8–9. As a result, Ms. Brown was terminated from her employment effective February 19, 2019.

## II.

Ms. Brown filed a complaint with the Office of Special Counsel ("OSC"), alleging that the Air Force had terminated her employment because she had engaged in protected whistleblowing activities. After OSC issued a letter closing the matter on May 28, 2019, Ms. Brown filed her IRA with the Board. App. 9. Following a hearing, the administrative judge ("AJ") to whom the IRA was assigned rendered an initial decision denying Ms. Brown's request for corrective action. *Id.* at 23–24.

In his decision, the AJ rejected Ms. Brown's contentions regarding (1) an alleged complaint she had made to Master Sergeant Charles Myers in April 2018 regarding compliance with supply regulations, including AFI 23-101; (2) an alleged complaint she had made to Lieutenant Colonel Dawson in April 2018 regarding safety regulations; and

(3) an alleged complaint she had made in January 2019 to Master Sergeant Myers regarding safety regulations.  Ms. Brown claimed that all of these complaints were protected disclosures pursuant to 5 U.S.C. § 2302(b)(8).  *Id.* at 9–10. For each disclosure, the AJ found that a disinterested observer with knowledge of the essential facts known to "and readily ascertainable by the appellant, could reasonabl[y] conclude that the regulations applicable to supply units, including AFI 23-101, did not apply to the internal movement of parts within the physiological support squadron," 9PSPTS.  *Id.* at 18, 21.  The AJ further found that Ms. Brown had failed "to adequately show that any of the three enumerated disclosures involved matters that a reasonable person in his or her position would believe evidenced a violation of law, rule, or regulation for the purpose of an IRA." *Id.* at 21–22.  The AJ also noted that the disclosures did not amount to "gross mismanagement," "abuse of authority," or "gross waste of funds" and were "insufficient to constitute a disclosure of a substantial and specific danger to public health or safety."  *Id.* at 22–23.

After the AJ's initial decision became final, Ms. Brown petitioned for review.  We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## III.

Our scope of review of a decision of the Board is limited. We will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).

To establish a prima facie case of retaliation for whistleblowing activity, an employee must show by a preponderance of the evidence that (1) she made a protected disclosure, and (2) the disclosure was a contributing factor in a personnel action taken against her.  *See* 5 U.S.C.

§ 1221(e)(1).  A disclosure is protected for purposes of the Whistleblower Protection Act if it pertains to information that the employee "reasonably believes evidences[ ] (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety."  5 U.S.C. § 2302(a)(2), (b)(8)(A).

IV.

In her petition, Ms. Brown makes several arguments. We address them in turn.  She contends first that the AJ should have allowed the testimony of Stefanija Cerillo, a GS-2005 Supply Technician, and that of Retired Sergeant Kimberly Muhlecke, former Superintendent of 9PSPTS. She claims that Ms. Cerillo "voiced the same concerns" she had and was not separated, and that Ms. Muhlecke would have testified that she (Ms. Brown) followed the correct regulations and that 9PSPTS was required to comply with the AFI 23-101 regulations.  Pet'r's Br. 2–3.  Ms. Brown also contends that the AJ should have considered evidence she submitted from a California Unemployment Insurance Appeals Board decision in support of the proposition that she did not engage in the misconduct that formed the basis for the termination of her appointment.  *Id.* at 3–4.

We see no error in the AJ's evidentiary rulings.  The alleged unconsidered evidence to which Ms. Brown points went to the basis for the termination of her probationary appointment, not to the AJ's determination that Ms. Brown had failed to assert a protected disclosure.

Ms. Brown also complains, *id.* at 4–6, that the AJ erred in relying upon the testimony of Lieutenant Colonel Dawson and Master Sergeant Myers in concluding that she had not made protected disclosures in April 2018 and January 2019.  *See* App. 18, 21.  The AJ noted that Lieutenant Colonel Dawson and Master Sergeant Myers "separately testified, without contradiction," that the regulations Ms. Brown alleged were not being followed did not apply to her

employment with the 9PSPTS, since their squadron was not an MM Activity or a Logistics Readiness Squadron. *Id.* at 8, 13, 16, 17. When Ms. Brown complained to Lieutenant Colonel Dawson and Master Sergeant Myers about these alleged safety violations, the AJ found both "separately informed [her] that the . . . regulations did not apply to the internal movement of parts between coworkers of the same squadron, including [Ms. Brown's] 9PSPTS section." *Id.* at 8. The AJ further noted that Ms. Brown "presented little to dispute the testimony of Myers and Dawson . . . , and did not adequately address how these [regulations] were applicable to internal supply sections." *Id.* at 21. We therefore reject Ms. Brown's challenges to the AJ's findings based upon the testimony of Master Sergeant Myers and Lieutenant Colonel Dawson. An AJ's credibility determinations "are virtually unreviewable," *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986), and in this case Ms. Brown has not provided us with any reason why we should overturn the AJ's credibility determinations relating to the testimony of Master Sergeant Myers and Lieutenant Colonel Dawson.

Finally, Ms. Brown urges that the AJ made additional errors. First, in an apparent reference to *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999), she argues that the AJ "failed to focus on the Carr factors and identify motives in key evidence and testimony." Pet'r's Br. 6. Second, she argues the AJ failed to recognize that the Air Force did not offer clear and convincing evidence that it would have terminated her appointment in the absence of her protected disclosures. *Id.* at 8. Neither of these contentions has merit.

Little discussion is required concerning these arguments. Taking Ms. Brown's second argument first, the "clear and convincing" burden only shifts to the agency if the employee shows "by a preponderance of the evidence that he or she made a protected disclosure under 5 U.S.C. § 2302(b)(8) that was a contributing factor to the

[personnel action taken against the employee]." *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012) (citing 5 U.S.C. § 1221(e)).   Because Ms. Brown failed to demonstrate by a preponderance of the evidence that she made a protected disclosure, the clear and convincing evidence burden never shifted to the Air Force.   Accordingly, it was unnecessary for the Board to consider the *Carr* factors, which are used "[t]o evaluate whether the [agency] would have taken the same action in the absence of [an employee's] protected disclosure." *Robinson v. Dep't of Veterans Affs.*, 923 F.3d 1004, 1018 (Fed. Cir. 2019) (citing *Carr*, 185 F.3d at 1323).

We have considered Ms. Brown's other arguments and have found them to be without merit.

## CONCLUSION

For the foregoing reasons, we affirm the Board's final decision.

## **AFFIRMED**

## COSTS

No costs.